IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

**In July Term, A. D. 1841, being the sixty-fifth year of our Independence.**

---

### FEATHERSTON *against* WILSON.

### ERROR *to Crawford Circuit Court.*

All writs of error must be made returnable to the first day of the return term. Therefore, where the term commences on the *first* Monday of July, a writ returnable "on the first day of the next term of said Supreme Court, which will be held on the *second* Monday of July," is bad, and will be quashed, on motion.

On motion to quash the WRIT OF ERROR:

RINGO, *Chief Justice,* delivered the opinion of the Court:

At a former day of the present term, a motion was made to quash the writ of error issued in this case, and dismiss the suit, on the following grounds:

*First:* That the writ is not returnable on the first day of the term, as required by law.

*Second:* Because the writ is not returned as required by law.

The writ bears date the 7th day of June, 1841, and is made returnable "on the first day of the next term of said Supreme Court of said State, which will be held on the second Monday of July, A. D. 1841, at the Court-house in the city of Little Rock, in said State." But there is no return whatever made to the writ by the Clerk to whom it is addressed, although it is attached to, and filed with, a duly certified transcript of the record of a suit at law between the parties mentioned in the writ.

A writ of error in this State, as in England, has been holden to be an original writ. But we are not aware of any statutory provision in force in this State, regulating the teste and return thereof; and therefore the writ must, in this respect, be governed by the common law and practice in the Court of King's Bench, in England, until they are changed by some statutory provision, or rule adopted by this Court. The rule is believed to be well established in England, that a writ of error, returnable to the Court of King's Bench, must be made returnable on a general return day, and that there must be fifteen days between the teste and return. 2 *Tidd's Pr.*, 1067, 1069.

In our system of jurisprudence, we know of no law or rule of practice applicable to the Supreme Court, which recognizes any other than the first day of the term as a general return day; and the statutory provisions, requiring the assignment of errors to be made on or before the fourth day of the term to which the writ of error is returnable, and in default thereof, prescribing that the " writ of error shall be dismissed, or the judgment affirmed, unless good cause for such failure be shown," (*Rev. S. Ark., p.* 644, *s.* 25,) plainly indicate that it was the design of the Legislature that all writs of error issued out of this Court should be made returnable on the first day of the term. If this conclusion be correct, (and in our opinion there can be but little doubt that it is,) the writ in question, not having been made returnable on the first day of the term, but at a time wholly unauthorized by law, is insufficient and ought to be quashed.

Having thus determined the first question, it is unnecessary for us to express any opinion as to the second question presented by the motion.