Delany vs. Pennywit.

---

DELANY vs. PENNYWIT.

A writ of error executed after its return day, gives this court no jurisdiction of the cause, and the case will be dismissed.

ON motion to dismiss writ of error.

*Hempstead & Johnson*, for plaintiff.

*Trapnall & Cocke,* contra, and for the motion.

*By the court,* RINGO C. J.   At a former day of the present term, a motion was made to dismiss the writ of error in this case, on the ground that the same was returnable to the January term, 1844, and not to the present term of this court.   The writ bears date, the 16th day of December, 1843, and is returnable "on the first day of the next term of said supreme court, which will be held on the first Monday of January, A. D. 1843, at," &c.   By the return thereon endorsed, it appears to have been executed on the 29th day of June, 1844.

In the view which we take of this subject, two questions are presented by the record. First, Is this a legal or valid execution of the writ?   Second, If it is not, has this court thereby acquired jurisdiction of the cause, so as to adjudicate it upon this writ?

It has been adjudged by this court, in the case of *Featherston* against *Wilson,* 3 *Ark. Rep.* 387, that a writ of error must be made returnable to the first day of some term of this court, that being the only general return day of the court known to the law, and that there must be fifteen days between the date and the return day of the writ. And it is believed to be a general, if not universal rule of law, that every legal process must be executed on or before the return day thereof. This principal is too familiar and too well established to demand the citation of authority to prove it.   And it is equally well settled, that any subsequent execution thereof, is wholly illegal and absolutely void, which is indeed but the necessary consequence of the former rule; because the authority of the writ was determined before the act thereby authorized and required to be done, was done.

Therefore, as the writ of error is the legal instrument by means of which, and which only, this court can acquire jurisdiction of this case to adjudicate it, inasmuch as there is no legal execution thereof, it must, in our opinion, follow as a necessary consequence, that this court is not by virtue of said writ, invested with jurisdiction of the case therein mentioned, because no transcript of the record thereof is thereby or therewith legally returned, and brought into this court; consequently, the motion must be sustained.   Writ of error dismissed.